IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cr-00016-MOC-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| JUSTIN ASHLEY BOTT,<br>　　　　　　　　　　Defendant,<br>and | )<br>)<br>)<br>) |
| SUNRISE COMMUNITY FOR<br>RECOVERY AND WELLNESS,<br>　　　　　　　　　　Garnishee. | )<br>)<br>)<br>) |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee (Doc. 13) Sunrise Community for Recovery and Wellness ("Garnishee"), and the Government's Motion for Order of Continuing Garnishment ("Motion," Doc. 14).

I.    **Relevant Background**

In November of 2017, the Honorable Henry M. Herlong, Jr., United States District Judge for the District of South Carolina, sentenced Defendant to 45 months incarceration. Doc. 1-2. Defendant was also ordered to pay a $100.00 criminal assessment and restitution in the amount of $24,473.00.

1

Jurisdiction was transferred to this district on March 5, 2021. Doc. 1.

On July 14, 2022, the Court entered a Writ of Continuing Garnishment ("Writ," Doc. 10). The record indicates that the Writ and associated materials were sent to and received by Defendant and the Garnishee. Docs. 12; 14-1; 14-2.

On August 10, 2022, the Garnishee filed an Answer, which indicates that the Garnishee has in its custody, control, or possession, property or funds owned by or owing to Defendant, in particular, employment earnings. Doc. 13. The Certificate of Service attached to the Garnishee's Answer states that a copy of the Answer was mailed to Defendant on August 5, 2022. Doc. 13 at 4.

By the Motion, the Government now seeks an Order of Continuing Garnishment.

II. Discussion

When a garnishee responds to a writ of garnishment, federal debt collection procedures require the garnishee to file its original answer with the court that has issued the writ and to "serve a copy on the debtor and counsel for the United States." 28 U.S.C. §3205(c)(4).

A judgment debtor or the United States may file a written objection to a garnishee's answer and request a hearing "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5). "[I]f no hearing is requested within the

2

required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest" in property held by the garnishee. 28 U.S.C. § 3205(c)(7).

The issue presented by this case is whether the Government has provided sufficient evidence of Defendant's receipt of the Garnishee's Answer and, therefore, whether the time for Defendant to request a hearing has run.

Rule 49(a) of the Federal Rules of Criminal Procedure describes what papers must be served and sets out various methods by which service may be accomplished.[1] Rule 49(a)(4)(C) in particular, provides that a paper may be served by non-electronic means by "mailing it to the person's last known address." When this method is used, "service is complete upon mailing." Id.

However, since the objection period under Section 3205 begins to run from the *receipt* of a garnishee's answer, it is necessary to determine here when the Garnishee's pleading was, or could presumed to have been, received by Defendant.

Rule 49(a)(4)(C) references service by "mailing" but neither it nor Section 3205 requires a garnishee to mail an answer using a method that confirms receipt by the recipient. Cf. N.C.G.S. § 1A-1, Rule 4(j)(1)(c), (d), (e) (including

---

[1] The same methods are used when a nonparty is "required or permitted by law" to serve a paper. Fed.R.Crim.P. 49(c).

3

requirements for mailing by registered or certified mail, return receipt requested; obtaining a "delivery receipt;" or mailing with "signature confirmation").

However, "where a letter is sent by regular mail and there is evidence (typically through a sworn statement by one with personal knowledge of the mailing or mail procedures) that the letter was mailed, there is a presumption in federal court that the addressee received it." United States v. Diaz-Martinez, 380 F.Supp.3d 486, 499 (4th Cir. 2019); FDIC v. Schaffer, 731 F.2d 1134, 1137 (4th Cir. 1984) (noting that, for notice purposes, an individual is presumed to have received mail "delivered to [a home] in the regular course of mail delivery"); Hagner v. United States, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); see also Me. Med. Ctr. v. United States, 675 F.3d 110, 114 (1st Cir. 2012) (explaining the presumption "'help[s] courts determine when the pertinent document was physically delivered,' allowing for the presumption that 'physical delivery occurred in the ordinary time after mailing'").

The undersigned has not located controlling authorities that state specifically the date by which a paper should be presumed to have been

4

received after it was placed in the mail. However, other courts have noted that a presumption of receipt arises three days after mailing. See Craul v. Wal-Mart Stores East, LP, No. 4:12-cv-1380, 2012 WL 6823181, at *5 n. 6 (M.D. Pa. Nov. 29, 2012) ("Under the common-law mailbox rule, '[i]f a document is properly mailed, the court will presume the United States Postal Service delivered the document to the addressee in the usual time,' i.e., three business days.") (quoting Philadelphia Marine Trade Association International Longshoremen's Ass'n Pension Fund v. C.I.R., 523 F.3d 140, 147 (3d Cir. 2008)). A three-day period would also appear to be consistent with Rule 45(c) of the Federal Rules of Criminal Procedure, which states that "[w]henever a party must or may act within a specified time after being served and service is made under Rule 49(a)(4)(C)…, 3 days are added after the period would otherwise expire…." See also Fed.R.Civ.P. 6(d) ("when a party may or must act within a specified time after being served and service is made [by mail]…3 days are added….").

In this case, the record includes a signed and notarized Certificate of Service indicating that the Garnishee mailed a copy of its Answer by first class mail to Defendant on August 5, 2022. Doc. 13 at 4. Under the principles discussed above, there is a presumption that the Answer was received within the following three days, such that Defendant's deadline to file a written

5

objection to the Answer and request a hearing expired at the end of August, 2022. The instant Motion was filed on September 22, 2022, well after that deadline. Further, Defendant has not made any filings in response to the Government's Motion, and the time for doing so has expired. Accord United States v. Womack, No. 1:12-CR-176-1, 2014 WL 1757366, at *3 (M.D.N.C. Apr. 30, 2014), report and recommendation adopted, No. 1:12-CR-176-1, 2014 WL 2628539 (M.D.N.C. June 11, 2014) (denying hearing where defendant mailed reply 26 days after service of answer); United States v. Jenkins, No. 3:05-CR-244, 2014 WL 202007, at *3 (E.D. Va. Jan. 17, 2014) (holding that objection filed 54 days after service was untimely).

Accordingly, based on the current record and applying the presumption of receipt set out above, the undersigned concludes that the Government has made a sufficient showing that Defendant received the Garnishee's Answer and did not timely file a written objection or request a hearing with regard to the potential garnishment. 28 U.S.C. §§ 3205(c)(5), 3205(c)(7).

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion for Order of Continuing Garnishment (Doc. 14) is **GRANTED**; and an Order of Continuing Garnishment is **ENTERED** in the amount of $24,148.00, which is the balance of the debt as calculated through July 13, 2022, as represented by the

6

Case 1:21-cr-00016-MOC-WCM Document 15 Filed 10/14/22 Page 6 of 7

Government.

2. The Garnishee is **DIRECTED** to pay the United States the maximum allowable garnishment. 15 U.S.C. § 1673; 28 U.S.C. § 3205(c)(7).

3. The payments shall continue until the debt to the United States is paid in full, until the Garnishee no longer has custody, possession, or control of any property belonging to Defendant, or until further Order of this Court, whichever first occurs.

Signed: October 14, 2022

W. Carleton Metcalf
United States Magistrate Judge